# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3933 | **DATE** | 8/6/2008 |
| **CASE TITLE** | Martin Edward Lewis vs. Marcus Emerson Lewis | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [4] is denied on the merits and the instant action is hereby dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Martin Edward Lewis' ("Lewis") motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2). In the instant action, Lewis alleges in his *pro se* complaint that he is seeking "immediate and emergency preliminary and mandatory injunctive relief against each and all of the named Defendants for fraudulent conveyance of said real property. . . ." (Compl. 1). Lewis indicates that he is an "[h]eir of the Estate of Anna A. Lewis, Deceased" ("Deceased"). (Compl. 1). Lewis also indicates that he currently lives in the former residence ("Residence") of the Deceased. (Compl. 2). Lewis apparently contends that after the death of the Deceased, Defendants Marcus Emerson Lewis and Carmen Rene Wickliffe Lewis (collectively referred to as "Marcus and Carmen") inherited the Residence and then sold the Residence to Defendant OBI, Inc. (Compl. 1-2). OBI, Inc. then allegedly resold the property to Defendant Ralston Murden, Jr. ("Murden"). (Compl. 2).

Lewis asserts that Marcus and Carmen "put nothing into the residence-not a penny. . . ." (Compl. 3).

**STATEMENT**

Lewis apparently asserts that Marcus and Carmen improperly were found to have inherited the Residence, contending that "[t]he Estate was never properly or formally probated" and that the "Probate Court only allowed for a one-minute hearing on this matter on December 6, 2007, entering a final and appealable order." (Compl. 3). Lewis seeks an immediate injunction barring the sale of the Residence to Murden, and barring the eviction of Lewis from the Residence.

To the extent that Lewis contends that the sale of the Residence did not meet the requirements of Illinois state law, Lewis has not provided any basis for federal subject matter jurisdiction. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(stating that the "'court's first duty in every lawsuit'" is to "'[e]nsur[e] the existence of subject-matter jurisdiction'")(quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)). Lewis has not indicated the citizenship of any of the parties or the amount in controversy in this case. Lewis, in fact, alleges that he is already pursuing remedies under Illinois law and has brought a separate "Quiet Title Action" to pursue his alleged rights in regard to the Residence. (Compl. 4). Also, even if Lewis showed that there is diversity subject matter jurisdiction in this case, Lewis has not explained why this court should not abstain from hearing a matter that is already proceeding before a state court. *See Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665-66 (7th Cir. 2007)(explaining *Younger* abstention doctrine).

To the extent that Lewis seeks a review of the Illinois probate court's rulings or to stay the effects of the rulings, Lewis is improperly requesting that this court interfere with a state action and override the rulings of a state court. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007)(stating that the *Rooker-Feldman* doctrine bars a federal district court from reviewing a state court judgment with certain exceptions); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)(stating that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

We also note that Lewis has not shown that the relief that he seeks is independent of a state court judgment, that there was a prior injury that the state court failed to remedy, or that he cannot obtain meaningful review in the state court system. *See Beth-El*, 486 F.3d at 292 (indicating that *Rooker-Feldman*

**STATEMENT**

doctrine does not act as a barrier to an action in federal district court where the "injury is independent of the state-court judgment, or if the federal claim alleges 'a prior injury that a state court failed to remedy,'" or if "the plaintiff lacked a reasonable opportunity to present those claims in state court")(quoting in part *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998)).

Finally, we note that Lewis states that he is bringing this action "for Equity Skimming pursuant to 12 U.S.C. § 1709-2 (2000), and Mortgage Fraud. . . ." (Compl. 1). However, Lewis has not provided any facts that plausibly suggest that Defendants are liable for such conduct. Also, Lewis does not allege that he ever owned the Residence. Thus, he has not provided a basis to conclude that he has suffered any injury from any mortgage fraud or equity skimming involving the Residence, and Lewis has not indicated that he has standing to even bring such claims. Thus, even when liberally construing Lewis' *pro se* complaint, Lewis has failed to state a valid claim. Therefore, we dismiss the instant action.